## MARY S. BOND *et al.*

### *v.*

## RUFUS N. RAMSEY *et al.*

1. FAILURE OF CONSIDERATION—*re-conveyance by purchaser to avail of defense.* Where a will directed that all the real estate of the testator should be sold by his executors, and a deed or deeds executed by them to

the purchaser or purchasers, a deed executed by such executors which purports to convey their own interest only, whilst it might, for that reason, be defective, would still convey an equitable estate in the land, which the purchaser would be bound to re-convey before he could make a defense of failure of consideration against a note given for the purchase money of the property so conveyed.

2. EVIDENCE — *proof of want of title.* A judgment of recovery in ejectment, in favor of a stranger against a defendant in possession, is not of itself proof of want of title in the grantor of such defendant, in a suit by the grantor upon a note given by the defendant for the purchase money of the premises.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. JAMES M. DILL, for the plaintiffs in error.

Mr. H. P. BUXTON, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit brought by the payees against the makers of a promissory note, dated May 5, 1869, whereby John P. Blackwell and R. N. Ramsey promised to pay, twelve months after the date of the note, to Mary S. Bond and Joshua S. Bond, executors of Leah P. Webster, the sum of $510, with six per cent interest per annum until paid.

The cause was tried below upon issues formed upon two special pleas, in substance as follows:

1. That the note was given as part consideration for the execution of a deed by the plaintiffs to Blackwell, purporting to convey to the latter lots 24, 25, 26 and 27, in block 5, in the lower town of Carlyle, with covenants of warranty, seizin of Leah P. Webster, and right and power of the plaintiffs, her executors, to convey; averring the want of ownership or seizin in Leah P. Webster, and the want of right and power in the executors to convey; that the said Webster and her executors had no right or title whatever to said premises, and that the title to the same was the sole and only consideration of the note.

2. That the note, together with one other, was given in consideration that plaintiffs would execute to Blackwell a deed, conveying all the right, title and interest that Leah P. Webster, deceased, had at the time of her death in and to the aforedescribed lots, and averring a failure to execute such deed.

A verdict and judgment were rendered for the defendants.

It is assigned for error that the verdict was against the evidence.

There was no testimony tending to prove that plaintiffs had agreed to give a warranty deed, or that there was any want of title in Leah P. Webster, further than the introduction in evidence of a judgment of recovery in ejectment on the fifth day of June, 1871, by James A. Hill against John P. Blackwell, of the lots described in the pleas. But such judgment, of itself, was no proof of any want of title in Leah P. Webster.

The proof showed that the note sued, together with another of like amount, was given in consideration of the purchase by Blackwell at public sale, from the plaintiffs, as executrix and executor of the will of Leah P. Webster, of the lots mentioned in the pleas, and that the plaintiffs, at the time, executed to Blackwell a deed, whereby they conveyed, released and quitclaimed to him all the right, title, claim and demand in law and equity "which the said executors have" to the lots.

The will of Leah P. Webster contained this clause: "It is my will that all the real estate, of whatever kind or nature, I may own at the time of my death, shall be sold by my executors hereinafter named, and a deed or deeds executed by them to the purchaser or purchasers thereof; and the proceeds of such sale shall be applied, first, to the payment of debts, then to the payment of the following bequests, viz:" Then follow bequests of various sums of money to fourteen different persons, including the plaintiffs in this suit, the latter being legatees, of $1000 each.

The plaintiffs were also appointed executors of the will.

Although the executors' deed might be defective, as purporting to convey their own interest only in the lots, they having no legal interest but only a naked power of sale, Black-

well, we think, by his purchase, must have acquired an equitable estate in the lots. He can not hold whatever interest he did purchase, and escape the payment of the purchase money. He should have re-conveyed or have tendered a re-conveyance of the property, before he could make defense against the payment of the note.

There being no such proof in the record, the judgment will be reversed and the cause remanded.

*Judgment reversed.*